IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE MANUEL RENTERIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 214 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Jose Manuel Renteria's ("Plaintiff") claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment, is granted and the Commissioner's cross-motion for summary judgment is denied.

## BACKGROUND

### I.   PROCEDURAL HISTORY

On August 15, 2012, Plaintiff filed claims for both DIB and SSI, alleging disability since July 8, 2012. (R. 201–15.) The claim was denied initially and upon

---

[1] Nancy Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 13, 2015. (R. 33–86.) Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert Jo Ancell also testified. (*Id.*)

On December 21, 2015, the ALJ denied Plaintiff's claims for both DIB and SSI, finding him not disabled under the Social Security Act. (R. 10–28.) After noting that Plaintiff met the insured status requirements through December 31, 2016, the ALJ proceeded through the five-step sequential evaluation process required by the Social Security Regulations. *See* 20 C.F.R. § 404.1520 and 416.902(a). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 8, 2012, the alleged onset date. (R. 15.)

At step two, the ALJ determined that Plaintiff had the following severe impairments: status post abdominal injury with surgery, deep venous thrombosis, and sleep apnea. (*Id.*) The ALJ found that Plaintiff's obesity, foot fracture, kidney nephrosis, kidney cancer, and colostomy were non-severe impairments. (*Id.*) The ALJ concluded at step three that the impairments, alone or in combination, did not meet or medically equal the severity of a listed impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1; (R. 19.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to the following limitations: the ability to perform lifting of ten pounds occasionally and less than ten pounds frequently; to carry ten pounds occasionally and less than ten pounds frequently; to

sit six hours out of eight with a need to elevate the left leg to waist level on an as needed basis while seated; to stand two hours out of eight; to walk two hours out of eight, and to push and pull ten pounds occasionally and less than ten pounds frequently. (R. 20.) The claimant can occasionally climb ramps and stairs but never climb ladders or scaffolds. He can occasionally stoop. (*Id.*) He cannot work around unprotected heights or moving mechanical parts. (*Id.*) He cannot perform jobs requiring operation of a motor vehicle. (*Id.*) He also uses an assistive device for walking. (*Id.*) At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work. (R. 21.) At step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including material mover, inspector/sorter, and protective service worker. (R. 22.) Because of this determination, the ALJ found that Plaintiff was not disabled. (R. 23.)

The Social Security Administration Appeals Council then denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); (R. 1–6.) .

# DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex*

5

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

### III. ANALYSIS

Plaintiff argues that the ALJ's decision should result in remand because he: (1) improperly evaluated the medical opinion evidence of the treating physician; (2) erred in making an RFC determination not supported by medical evidence; and (3) erred in his evaluation of Plaintiff's subjective symptom allegations. For the reasons below, the Court agrees that remand is appropriate.

**A. Treating Physician**

First, Plaintiff contends that the ALJ improperly discounted the findings of his treating physician, Dr. David Ebert, M.D. On January 14, 2015, Dr. Ebert

completed a medical source statement wherein he opined that Plaintiff's left leg had nerve damage and severe pain, that pain would constantly interfere with attention and concentration, that he could walk for less than one block, that he could sit for forty-five minutes at a time and stand for twenty minutes at a time, that he could sit for about four hours in an eight hour day, that he could stand for less than two hours in an eight-hour day, that he required between eight and twelve unscheduled breaks to walk for four minutes every half-hour, and that he needed to elevate his leg to waist level for 50% of the work day. (R. 778–79.) The ALJ gave this opinion slight weight.

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id.*

Plaintiff maintains that the ALJ improperly discounted Dr. Ebert's opinion for being based on Plaintiff's subjective complaints rather than the evidence of record. Plaintiff contends that Dr. Ebert's opinion is supported by both his physical examinations and observations of Plaintiff, and not solely Plaintiff's subjective complaints.

Here, the ALJ did not substantiate his assertion that Dr. Ebert's opinion was inappropriately based on Plaintiff's subjective complaints. The Seventh Circuit has found that "if the treating physician's opinion is . . . based *solely* on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added). However, the Seventh Circuit has noted that it was "illogical to dismiss the professional opinion of an examining [physician] simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016) (unpublished opinion). "Almost all diagnoses require some consideration of the patient's subjective reports, and certainly [Plaintiff's] reports had to be factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue*, 2012 U.S. Dist. LEXIS 14336, 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012).

In this case, Dr. Ebert's medical opinions do not "amount merely to a recitation of [Plaintiff's] complaints." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004). Dr. Ebert saw Plaintiff at least four times over the course of two years. During that time period, Dr. Ebert regularly noted Plaintiff's pain and swelling in his left knee and calf. (R. 653–667, 687, 694, 696, 700, 960, 1002–03.) In August

2013, he noted "likely neuropathy" in relation to Plaintiff's complaints of pain. Dr. Ebert also opined that it was unlikely Plaintiff could work with chronic injuries, pain, problems with ambulation or positioning. (R. 1002–03). At the same appointment, Dr. Ebert noted that Plaintiff was limited in walking and was using can, and he had trouble sitting for long periods of time due to leg cramps. (*Id.*)

There is nothing in the record to suggest that Dr. Ebert relied more heavily on Plaintiff's descriptions than his own clinical observations. *See Davis v. Astrue*, 2012 U.S. Dist. LEXIS 38748, 2012 WL 983696, at *19 (N.D. Ill. March 21, 2012) ("The ALJ fails to point to anything that suggests that the weight [Plaintiff's treating physician] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable."); *see also Ryan v. Comm'r*, 528 F.3d 1194, 1199–2000 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). As such, the ALJ did not "build an accurate and logical bridge" from the evidence to her conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Moreover, neither the ALJ nor the Commissioner cite to any evidence that Dr. Ebert based his entire opinion *solely* on Plaintiff's subjective complaints, and, therefore, this reason for denying weight to his opinion is unavailing.

9

## B. Credibility

Plaintiff argues that the ALJ improperly assessed his subjective symptom statements and credibility.[2] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887-88); *see* SSR 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *4 (S.S.A. 1996).

---

[2] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p governs cases decided before the aforementioned date. See Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued his opinion on December 21, 2015. Therefore, the ALJ properly applied SSR 96-7p.basis of medical evidence." *Cole v. Colvin,* 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p, 1996 SSR LEXIS 4 at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

First, Plaintiff argues that the ALJ's credibility determination is flawed because it relied on the fact that Plaintiff attempted to find employment after his alleged onset date. However, searching for work does not automatically discredit Plaintiff's subjective complaints. "A disabled person may want to work, may seek work, and in some cases may land work." *Voigt v. Colvin*, 781 F.3d 871, 876 (7th Cir. 2015). "There is no inherent inconsistency in being both employed and disabled. . . . And here, [Plaintiff] was not actually working but merely said that she was looking for work." *Ghiselli v. Colvin*, 837 F.3d 771, 778, 2016 U.S. App. LEXIS 17020, 2016 WL 4939535, at *5 (7th Cir. 2016). "The fact that someone is employed is not proof positive that he is not disabled, for he may be desperate and exerting himself beyond his capacity, or his employer may be law or altruistic." *Wilder v. Chater*, 64 F.3d 335, 337–38 (7th Cir. 1995).

Here, Plaintiff testified that he attempted to get jobs online, but due to his medical history, he has never received a call back after an initial phone call. (R. 61.) He stated that he applied for a job because he needed income. (*Id.*) When he attempted to get a job back with his old company, he was told him he was not physically capable of the work. (R. 71.) He also states that he does not go out to dinner of socialize with others due to not having money. (R. 63.) He lives with his family (including six kids under the age of 18) in a house owned by his in-laws, is on food stamps, and needs help from family to buy food and clothing. (R. 64.) Stating that Plaintiff is not credible because he was seeking employment does not take into account these other factors that may have influenced his attempts to find work despite his allegations of pain and difficulties. "Persisting in looking for employment even while claiming to suffer from a painful disability might simply indicate a strong work ethic or overly-optimistic outlook rather than an exaggerated condition." *Ghiselli*, 837 F.3d at 778. The ALJ may not conclude that Plaintiff's search for employment means he capable of work.

Plaintiff also maintains that the ALJ's assertion that his symptoms are not supported by the objective medical evidence is in error.[3] The ALJ specifically cites to X-rays taken in 2014 of Plaintiff's upper GI, hips and pelvis, and lumbosacral spine. (R. 896–899.) However, while the X-rays may not show any limitations or the source of Plaintiff's pain and swelling, Plaintiff has a history of neuropathy and

---

[3] The ALJ provided two reasons for discounting Plaintiff's alleged symptoms: (1) a lack of objective evidence; and (2) the fact that he attempted to return to work. (R. 20–21.) Because the ALJ's reliance on factor two was in error, the remainder of his opinion was based entirely on a lack of objective medical evidence. This is impermissible. *Schmidt*, 395 F.3d at 746–47. Nevertheless, the Court will reach the merits of Plaintiff's arguments.

probable nerve damage in his left leg, which was not the subject of the cited X-rays. (R. 673, 768, 1002–03.) Multiple treatment notes, both from treating physician Dr. Ebert and state examining physician Dr. Fauzia Rana, M.D., note Plaintiff's pain and swelling in his left leg, as well as difficulty in walking for long distances due to pain. (R. 767, 653–667, 687, 694, 696, 700, 960, 1002–03). This Court is not saying that the ALJ must credit these findings on remand when making his credibility determination, but must provide more evidence which supports his reasoning.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:   July 27, 2018**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

13